# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| JEREMY HODGE, | * | |
| by his conservator ERIKA ELSON, | * | |
| | * | No. 09-453V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: May 3, 2017 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees and costs; interim |
| | * | award; guardianship fees; failure to |
| Respondent. | * | object. |

* * * * * * * * * * * * * * * * * * * *

Clifford J. Shoemaker, Shoemaker, Gentry, & Knickelbein, Vienna, VA, for petitioner;
Althea Walker Davis, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION GRANTING SECOND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

Ms. Erika Elson seeks a second award of attorneys' fees and costs on an interim basis. Ms. Elson is awarded the amount requested, **$8,425.00**.

\* \* \*

This case has a relatively long history. Presently, the petitioner is Erika Elson, who is acting in her capacity as a conservator for Jeremy Hodge, her son. Ms. Elson is currently alleging that a dose of the hepatitis A vaccine and two doses of the hepatitis B vaccine significantly aggravated Mr. Hodge's Lyme disease.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

This case's duration stems, in part, from litigation over the timeliness of the petition. Hodge 1 found that statute of limitations barred Mr. Hodge's claim and that Mr. Hodge was not entitled to equitable tolling. 2015 WL 1779274 (Fed. Cl. Spec. Mstr. Mar. 23, 2015), vacated, 123 Fed. Cl. 206 (2015). In Hodge 2, the Court of Federal Claims affirmed the conclusion with respect to the statute of limitations but vacated the decision with respect to equitable tolling. 123 Fed. Cl. 206. After remand, Hodge 3 ruled that Mr. Hodge was entitled to equitable tolling due to his mental illness. 2015 WL 9685916 (Fed. Cl. Spec. Mstr. Dec. 21, 2015). Because Mr. Hodge's claim for equitable tolling was premised on his lack of ability to manage his own affairs, the undersigned proposed that Mr. Hodge have a general guardian or conservator appointed for him through the California Probate Court. Id. at *22-23.

Following the ruling on remand, Ms. Elson reported that she had retained an attorney in California to initiate the conservatorship process. Pet'r's Status Rep., filed Mar. 23, 2016. Ms. Elson was appointed conservator for Mr. Hodge in August 2016. Exhibit 28. The caption was accordingly changed to reflect that Mr. Hodge is proceeding through his conservator on November 9, 2016.

Before the California Probate Court appointed Ms. Elson conservator, Mr. Hodge filed a motion for an award of attorneys' fees and costs on an interim basis. Pet'r's Mot., filed May 10, 2016. After securing the opinion from an expert, the petitioner was eligible to receive attorneys' fees and costs on an interim basis because the claim was brought in good faith and with a reasonable basis. 2017 WL 1315716, at *2-3 (Fed. Cl. Spec. Mstr. Mar. 9, 2017). The petitioner was awarded attorneys' fees and costs on an interim basis. Id. at *5.

Ms. Elson filed a motion to amend/correct the interim fees decision. Pet'r's Mot., filed Mar. 10, 2017. She sought compensation for the costs that were not previously requested, specifically the attorney's fees for obtaining the conservatorship. Id. The undersigned denied the motion as a motion to amend/correct the March 9, 2017 decision. Order, filed Mar. 15, 2017. Instead, the undersigned treated the motion to amend/correct as a second motion for interim attorneys' fees and costs. Id. The undersigned scheduled a date for a response from the Secretary. The undersigned also informed the Secretary that a failure to file a substantive response addressing the requested hours and/or rates was likely to be treated as a waiver of any argument regarding either hours and/or rates. Id.

In his response to the second motion for interim attorneys' fees and costs, the Secretary acknowledged that March 9, 2017 decision found that this claim was

2

filed with good faith and with a reasonable basis. Resp't's Resp., filed Apr. 6, 2017, at 2. The Secretary did not address the proposed hours or rates. Instead, he recommended that "the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3-4.

This matter is now ripe for adjudication.

\*     \*     \*

Because this claim was brought in good faith and with a reasonable basis, Ms. Elson is eligible to receive attorneys' fees and costs on an interim basis. 42 U.S.C. § 300aa-15(e)(1). Ms. Elson has requested compensation for the costs associated with being appointed Mr. Hodge's conservator.

In support of her request, Ms. Elson submitted the billing records of Ms. Alice Salvo, the attorney she retained to represent her in being appointed conservator. Ms. Salvo's billing records state her hourly rate and the number of hours performed working on the case.

The Secretary did not raise any objections to the requested hourly rate or the requested number of hours. By offering no objections, the Secretary has waived any objection to the hourly rate or requested number of hours. See Dorego v. Sec'y of Health & Human Servs., No. 14-337V, 2016 WL 1635826, at \*4-5 (Fed. Cl. Spec. Mstr. Apr. 4, 2016); Vaccine Rule 8(f)(1).

\*     \*     \*

The undersigned finds an interim award of attorneys' fees and costs appropriate at this time. Ms. Elson is awarded $8,425.00 for the costs associated with Ms. Salvo's work on having Ms. Elson appointed as Mr. Hodge's conservator.

**Accordingly, the undersigned awards the total of $8,425.00 as a lump sum in the form of a check jointly payable to Ms. Elson and her counsel for the conservatorship, Alice Salvo.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court is directed to enter judgment herewith.

**IT IS SO ORDERED**.

<u>S/Christian J. Moran</u>
Christian J. Moran
Special Master